## REED v NORTHFIELD HEIGHTS REALTY CO et

Ohio Appeals, 9th Dist, Summit Co

No 2623. Decided Feb 7, 1936

Strain, Reed & Griffith, Youngstown, for plaintiff in error.

Copeland, Thompson & Harris, Cleveland, and Foust & Holden, Akron, for defendants in error.

## OPINION

By WASHBURN, J.

On the facts of this case, we hold that Hobson has no greater rights as against Reed than the Realty Co. has. He had no dealings with Reed, and Reed knew nothing of his dealings with the Realty Co., and he took his mortgage a year and seven months after the last payment had been made upon the principal of the Reed mortgage, and almost that long after the Realty Co. became in default, and his mortgage was taken subject to the Reed mortgage.

Reed claims the right to a lien on the 43 acres as security for the remainder of the debt due him, and the Realty Co. claims the right to invalidate that lien. Hobson is not seeking to be subrogated to the rights of Reed against the Realty Co.; he is seeking to succeed to and enforce alleged rights of the Realty Co. against Reed, and Hobson's position is essentially that of an assignee of the Realty Co.; Hobson is not in the position of a purchaser of the 43 acres or that of a mortgagee of simply the 43 acres; his mortgage covered all of the property covered by Reed's mortgage at the time Hobson's mortgage was taken, and by its terms it was taken subject to Reed's mortgage, and that is inconsistent with the claim that Reed has no right to a lien on the 43 acres as security for the debt due him.

Hobson's mortgage was taken when the Realty Co. had been in default for a long time, and he gave no notice to Reed of his inconsistent claim until the filing of his answer in this suit on November 21, 1933, and in the meantime Reed's security had greatly depreciated in value, and his claim had been increased by the default of the Realty Co. in the payment of interest and taxes.

As has been said, under the circumstances of this case, Hobson's position is that of an assignee, with no greater rights than his assignor.

As to the Realty Co., it is true that the contract for a release does not fix any time when the Realty Co. should be entitled to such release, and the contract does not expressly make demand therefor a condition precedent to the right to such release; but this was an action in equity, and the court was called upon to apply the principles of equity to the solution of the question.

It seems to be agreed that covenants in mortgages, including those relating to partial releases, are mutual, and there are well considered cases which hold that it would be inequitable to permit the mortgagor to redeem a part of the mortgaged premises under the release part of the mortgage, while he is in default, and unwilling and unable to keep his agreement as to the payment of the balance due on the mortgage. It seems to us that, even if the contract does not fix any time when the mortgagor should be entitled to a partial release, nor expressly make demand therefor a condition precedent to the exercise of such right, a demand when the mortgagor is and for several years has been in default, during which time the mortgagor's debt has materially increased, and the security has greatly decreased in value, and when foreclosure proceedings are threatened and a petition therefor has been filed and to the knowledge of the mortgagor service has been attempted to be made upon it, should not be enforced in equity, when to do so would cause great loss to the mortgagee because of the mortgagor's breach of his contract, and would unjustly benefit and enrich such defaulting mortgagor.

In some of the cases dealing with this subject, the release clause expressly provided that the release would be made, upon payment of a sum named, at any time before maturity, and of course, in such cases the mortgagor could not claim the benefit of the stipulation after maturity and when he was in default.

But it seems to us that, if the agreement for a partial release is not expressly limited to a time when the mortgagor is not in default in carrying out his part of the agreeemnt, such a limitation is plainly implied and is required by the principles of equity.

"* * * for it would be a fraud upon the rights of the mortgagee to hold that the mortgagor, while in default and no longer endeavoring to carry out his contract, should be permitted to select out the more valuable parts of the land and redeem them by paying the stipulated price, and leaving the less valuable parts unredeemed. * * *" 2 Jones on Mortgages (8th ed.), §1259.

The provision giving to the mortgagor the privilege of obtaining partial releases, upon terms stated, is not an independent stipulation, which he can have the aid of a court of equity in enforcing while he is in such default and while he disregards all of the promises made by him in the same contract, and is insolvent.

That is especially so where, as in the instant case, the security of the mortgagee has depreciated in value to such an extent that the value of the entire property is not

sufficient to pay the mortgagee the amount due him, and is especially true when, as in the instant case, all demands for releases while the mortgagor was not in default were granted, and the mortgagor delayed any demand for a further release for a period of four years after the last payment upon his debt had been made, during all of which time the security of the mortgagee was being decreased by the accumulation of unpaid taxes and interest and was rapidly depreciating in value.

Our conclusion is that neither said Realty Co. nor said Hobson is entitled to have said 43 acres released from the mortgage of Reed, the plaintiff, and that the trial court was in error in so ordering.

We recognize, of course, that there are cases which cast some doubt upon the soundness of the views we have expressed herein, but in the absence of an authoritative holding to the contrary in Ohio, we feel at liberty to adopt the view which we consider the most just and equitable.

The part of the decree of the trial court so ordering is reversed, and there being no dispute as to the facts in this case as to the matter in controversy, a judgment may be entered denying the right of Hobson or said Realty Co. to have said 43 acres released from the lien of the mortgage of the plaintiff, Henry J. Reed, and the cause is remanded to the Common Pleas Court with directions to so modify and correct its judgment as to conform to the judgment of this court.

FUNK, PJ, and STEVENS, J, concur in judgment.